# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANTHONY THOMAS**                                                               **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                                              **NO. 14-147-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 9, 2017.

                                                                    _____
                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANTHONY THOMAS**                                              **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                             **NO. 14-147-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Anthony Thomas, challenges his conviction, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, of one count of unauthorized entry of an inhabited dwelling.  The petitioner contends that he was subjected to double jeopardy when he was retried on the same charge of aggravated burglary after his initial conviction for attempted aggravated burglary was reversed.  The petitioner also contends that his trial counsel was ineffective for failing to file a motion to quash on the grounds of double jeopardy.

**Factual Background**

The facts, as taken from the decision of the Louisiana Supreme Court, are as follows:  In early 1998, petitioner, Anthony Thomas, began dating a young woman whom he met after repairing her car.  Shortly thereafter, petitioner began exhibiting violent behavior and the relationship began to deteriorate.  Petitioner had episodes during which he kicked holes in his girlfriend's walls, ripped holes in her clothes, poured sugar on her carpet, and threw food at her.  By mid-year 1998, petitioner's girlfriend had become fearful, telling family members that she was afraid for her safety, and eventually leaving her apartment and taking up residence at her mother's house.  Despite her efforts to avoid the petitioner, he continued to stalk her.  When his

girlfriend returned to her apartment with her son, petitioner was waiting there and forced his way into the home. Petitioner told his girlfriend that he was going to have sex with her, pushed her to the floor and struck her. Out of fear she acquiesced to his demands. Petitioner then instructed his girlfriend to remain in place while he went outside to turn his truck off. However, as soon as petitioner was out of sight, she ran to a neighbor's home and called police. When the police arrived, petitioner's girlfriend identified him as the perpetrator and he was arrested. *See State v. Thomas,* 12-1410 (La. 9/4/13), 124 So.2d 1049.

## Procedural History

Following his arrest, petitioner was charged with aggravated burglary. A jury found him guilty of the lesser and included offense of attempted aggravated burglary. Petitioner was subsequently adjudicated a third felony offender and sentenced to mandatory life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, the appellate court found that the prosecutor made an indirect reference to petitioner's failure to testify, in violation of La.C.Cr.P. art. 770(3). Finding a mistrial should have been granted, the court of appeal reversed petitioner's conviction, vacated the sentence, and remanded the case to the trial court for a new trial. *State v. Thomas,* 99–1500 (La. App. 1 Cir. 6/23/00) (unpublished). In 2002, the State retried petitioner on the original charge of aggravated burglary. Petitioner waived his right to trial by jury and, after a bench trial, the court found him guilty of the lesser and included offense of unauthorized entry of an inhabited dwelling. The State again instituted habitual offender proceedings. The court adjudged petitioner a third felony offender, and he was again sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

Petitioner appealed. The court of appeal once more reversed the conviction and remanded the case for a new trial upon finding the State's prosecution of petitioner for

aggravated burglary was jeopardy-barred. *State v. Thomas,* 04–2746 (La. App. 1 Cir. 9/23/05), 912 So.2d 111 (unpublished). The court of appeal reasoned that the jury's guilty verdict of attempted aggravated burglary at the first trial acted as an acquittal on the charge of aggravated burglary. Thus, on remand, petitioner should not have been tried again for aggravated burglary. The appellate court found the second trial was required to be on the next most serious offense, attempted aggravated burglary. Further, based on La.C.Cr.P. art. 814(A)(43), the court of appeal found the verdict rendered by the trial court, unauthorized entry of an inhabited dwelling, was invalid because it was not an acceptable responsive verdict for the charge of attempted aggravated burglary. *Thomas,* 04–2746, p. 1, 912 So.2d at 111.

The Louisiana Supreme Court granted the State's writ application, reversed the decision of the court of appeal, and reinstated petitioner's conviction and sentence. *State v. Thomas,* 05–2373 (La.4/17/06), 926 So.2d 490. The Court reasoned, in relevant part:

> [R]eversal of defendant's first conviction and sentence did not preclude the state from holding a second trial, only from seeking a conviction for aggravated burglary. *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). While the state erred in reindicting defendant and retrying him for the crime of aggravated burglary, the defendant did not move to quash the proceedings before trial, and the trial court, sitting as the fact finder in the case after defendant waived a jury, returned a verdict of guilt on the non-barred offense of unauthorized entry of an inhabited dwelling, a lesser included offense and a responsive verdict to the charged offense as a matter of La.C.Cr.P. art. 814(A)(42). The court of appeal therefore had no basis for vacating that verdict as unresponsive to the charge that it believed *should have* been brought, *i.e.,* attempted aggravated burglary, because the verdict was not inherently tainted by virtue of its return in the trial of a jeopardy-barred offense. *See Morris v. Mathews,* 475 U.S. 237, 245, 106 S.Ct. 1032, 1037, 89 L.Ed.2d 187 (1986).

Thereafter, petitioner filed an application for post-conviction relief, including a claim that his counsel at the second trial was ineffective for failing to file a motion to quash the jeopardy-barred charge of aggravated burglary. The trial court ordered an evidentiary hearing, which was held before a commissioner. An attorney was appointed to represent petitioner during the

proceeding. At the evidentiary hearing, trial counsel testified he was aware that petitioner's case was being tried a second time for the 1998 offense. Counsel testified generally that, given four months to prepare for trial, he spent very little time on procedural issues, and his objectives were to adequately investigate facts and witnesses, review the testimony of previous witnesses, and prepare for trial. Finally, counsel emphasized that he was responsible for raising the motion to quash on jeopardy grounds and that his failure to do so was an error.

Following the hearing, the commissioner recommended the trial court grant post-conviction relief based on trial counsel's ineffectiveness. The commissioner reasoned that petitioner had shown deficient performance because counsel had admitted that his failure to pursue this claim was a simple oversight and the omitted motion to quash based on double jeopardy grounds had undeniable merit. Further, the commissioner concluded that petitioner had shown prejudice because counsel's failure to file the meritorious motion to quash resulted in respondent being convicted of unauthorized entry of an inhabited dwelling, a responsive verdict that would not have been available had the State prosecuted petitioner for attempted aggravated burglary, the "next most serious" charge below aggravated burglary. The trial court adopted the commissioner's recommendation and entered an order accordingly.

The court of appeal denied the State's writ application. *State v. Thomas,* 12–0477 (La. App. 1 Cir. 5/21/12) (unpublished). The State then sought further review in the Louisiana Supreme Court. Again relying upon *Morris v. Mathews,* 475 U.S. 237 (1986), the Louisiana Supreme Court reversed the appellate court's judgment, and the petitioner's conviction and sentence were reinstated after deciding that the double jeopardy violation was cured by the petitioner's conviction on a nonjeopardy-barred offense, and finding that the petitioner could not satisfy the prejudice prong of his ineffective assistance of counsel claim.

On March 1, 2014, the petitioner filed the instant application. The state contends that the application is untimely or, alternatively, that the petitioner's claims are without merit.

## Timeliness

The State first asserts that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner's conviction became final on December 14, 2006, ninety days after the Louisiana Supreme Court upheld his conviction and denied rehearing on September 15, 2006, because the petitioner did not file a request for a writ of certiorari with the

United States Supreme Court.  The petitioner's application for post-conviction relief was filed 155 days later on May 18, 2007.  The State sought review in the intermediate appellate court.  The court of appeal denied the State's writ application, and the State sought further review in the Louisiana Supreme Court.  The State's writ was granted and the Louisiana Supreme Court, denied rehearing on October 11, 2013.  The petitioner's instant application was filed 151 days later on March 11, 2014.  As such, the petitioner's application is timely.  The Court now turns to the merits of the petitioner's claims.

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d).  Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination.  *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness.  *Id*.

*See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").  State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The State contends that, applying this standard to the petitioner's claims, there is no basis for the granting of habeas relief.

## Substantive Review

The petitioner asserts that a double jeopardy violation occurred when his conviction was reversed on appeal, and the State retried him on the same charge, under the same indictment, and bearing the same docket number.  The petitioner additionally asserts that his trial counsel was ineffective for failing to move to quash the jeopardy-barred indictment.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  This clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  *Brown v. Ohio,* 432 U.S. 161 (1977).  A habeas petitioner who asserts that he was provided with ineffective assistance of counsel must affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable.  *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984).  The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel.  *Id*.

To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  *See,* e.g.*, Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986).  The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy.  *See,* e.g., *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).  This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial.  *Martin v. McCotter*, *supra*, 796 F.2d at 817.  Great deference is given to counsel's exercise of professional judgment.  *Bridge v. Lynaugh*, *supra*, 838 F.2d at 773; *Martin v. McCotter*, *supra*, 796 F.2d at 816.

It is undisputed that petitioner's second trial for aggravated burglary, after having previously been acquitted of that charge, violated the Double Jeopardy Clause of the Fifth Amendment.  Petitioner's trial counsel's failure to file a meritorious motion to quash that indictment after acquittal fell below an objective standard of reasonableness and was therefore deficient.

If the petitioner satisfies the first prong of the *Strickland* test, however, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors.  *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988).  To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding.  *Strickland v. Washington*, *supra*, 466 U.S. at 693.

Rather, the petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.  *Martin v. McCotter*, *supra*, 796 F.2d at 816.  The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome."  *Id*. at 816-17.  Both the *Strickland* standard for ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply in tandem, the review by federal courts is "doubly deferential."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

In *Price v. Georgia*, 398 U.S. 323 (1970), Price was charged with murder and the jury returned a verdict of guilty to the lesser included crime of voluntary manslaughter.  Price's conviction was reversed on appeal due to an erroneous jury instruction, and a new trial was ordered.  Price was subsequently retried on the charge of murder, and the jury again found him guilty of voluntary manslaughter.  Price was denied relief by the Georgia Court of Appeals and the Georgia Supreme Court.  The United States Supreme Court granted certiorari and reversed.

Citing to *United States v. Ball,* 163 U.S. 662 (1896), the Court noted, "The 'twice put in jeopardy' language of the Constitution thus relates to a potential, i.e., the risk that an accused for a second time will be convicted of the 'same offense' for which he was initially tried."  *Price*, 398 U.S. at 326.  The Court found that because Price was tried on the same charge, the risk of conviction on the greater charge or murder was the same in both cases, and the second trial violated the Double Jeopardy Clause of the Fifth Amendment because it is written in terms of potential or risk of trial and conviction, not punishment.  The Court rejected the State's contention that the double jeopardy violation was harmless because Price suffered no greater

punishment on the subsequent conviction.  The Court again noted that the Double Jeopardy Clause is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict.  The Court further noted that it could not determine whether or not the murder charge against Price induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence.  *Id.* at 229 and 331.  For these reasons, the Court reversed Price's conviction and remanded the case to the Georgia courts to resolve the issues pertaining to a potential retrial.

In *Morris v. Matthews*, 475 U.S. 237 (1986), the United States Supreme Court later distinguished *Price* from proceedings in which the jury did not acquit the defendant of the greater offense, but found the defendant guilty of the greater offense, and thereby guilty of the alternative lesser offense.  The Louisiana Supreme Court twice relied upon *Matthews*, to conclude that although the State erred in retrying the petitioner for the crime of aggravated burglary, the jeopardy-barred prosecution was remedied due to the petitioner ultimately being convicted of unauthorized entry of an inhabited dwelling, which is a lesser-included, nonjeopardy-barred offense.

In *Matthews,* James Matthews was initially charged with aggravated robbery to which he pled guilty.  Matthews then made additional incriminating statements, leading to him being tried for and found guilty of aggravated murder.  He was sentenced to a term of life imprisonment.  On remand, the Ohio appellate court determined that the Double Jeopardy clause barred Matthews's conviction for aggravated murder, and, in accordance with Ohio state law, modified the conviction of aggravated murder to murder and reduced Matthews's sentence.

Matthews then sought a writ of habeas corpus in the federal district court.  His petition was denied, and Matthews sought review in the Court of Appeals for the Sixth Circuit.  The

appellate court reversed the decision of the district court and found that Matthews was entitled to a new trial. The United States Supreme Court granted certiorari and reversed the judgment of the appellate court.

As noted by the United States Supreme Court, the only issued before it was "whether reducing respondent's conviction for aggravated murder to a conviction for murder is an adequate remedy for the double jeopardy violation." *Id.* at 245. The Court held that, "when a jeopardy-barred conviction is reduced to a conviction for a lesser included offense which is not jeopardy-barred, the burden shifts to the defendant to demonstrate a reasonable probability that he would not have been convicted of the nonjeopardy-barred offense absent the presence of the jeopardy-barred offense." The Court noted that the basis for finding or presuming prejudice present in *Price* (the possibility that the murder charge against Price induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence), was not present since the jury did not acquit Matthews, but rather found him guilty of the greater offense of aggravated murder, and *a fortiori*, the lesser offense of murder. The Court found that Matthews failed to show that but for the improper inclusion of the jeopardy-barred charge, the result of the proceeding would have been different.

In reviewing the trial court's grant of post-conviction relief to the petitioner herein, the Louisiana Supreme Court stated:

> "*Morris v. Matthews* holds that absent some showing that the fact-finder's factual determinations were skewed by the jeopardy-barred prosecution, conviction on a lesser-included, nonjeopardy-barred offense suffices to remedy any double jeopardy violation inherent in the jeopardy-barred prosecution…Thus, because the Constitution does not prohibit subjecting respondent to a second trial on a different offense, the only deprivation he suffered as a result of counsel's omissions was deprivation of the right to challenge the constitutionality of his charging document." *State* v. *Thomas,* 12-1410 (La. 9/4/13), 124 So.3d 1049, 1056-1057.

Citing *Matthews,* the Louisiana Supreme Court concluded that the return of a guilty verdict of unauthorized entry of an inhabited dwelling meant that the petitioner's retrial on the barred charge of aggravated burglary ultimately did not deprive him of his substantive right not to be prosecuted and convicted twice for the same offense as a matter of the Double Jeopardy Clauses of the federal and state constitutions.

The Louisiana Supreme Court's application of *Matthews* is unreasonable in the instant matter.  A jury did not find that the petitioner was guilty of aggravated burglary which would mean that his conduct also satisfied the elements of the lesser included offense of unauthorized entry of an inhabited dwelling.  The jury found the petitioner guilty of attempted aggravated burglary, for which unauthorized entry of an inhabited dwelling is not a responsive verdict.  As such, it cannot be said that the jury necessarily found that the petitioner's conduct satisfied the elements of unauthorized entry of an inhabited dwelling.  Accordingly, the petitioner's ultimate conviction for unauthorized entry of an inhabited dwelling cannot be deemed curative of the double jeopardy violation.  Given the differences between the petitioner's second trial and the challenged proceedings in *Matthews,* the analysis in the factually similar *Price* case controls.

Even if *Matthews* applies, the standard has been met.  As noted by Justice Johnson in her dissent, the Louisiana Supreme Court's conclusion that there was an "almost certain chance" that the petitioner would have received the same habitual offender sentence is purely speculative. The court reasoned that had a motion to quash been filed, the State could have simply amended the aggravated burglary charge downward to another felony, like unauthorized entry of an inhabited dwelling, for which the court deemed the evidence to be sufficient.  The court then assumed the petitioner would have been convicted of unauthorized entry, that the State would

have sought habitual offender sentencing, and that the petitioner would have ended up with the same life sentence as a third offender.

The Louisiana Supreme Court did not consider that if charged with unauthorized entry of an inhabited dwelling, it is possible that the trial court may have found the petitioner guilty of criminal trespass, a misdemeanor, which would not have triggered habitual offender proceedings. *See State v. Simmons*, 01-0293 (La. 5/14/02), 817 So.2d 16 (Defendant's conviction of unauthorized entry of an inhabited dwelling reversed due to trial court's failure to give an instruction on the responsive verdict of criminal trespass, which, if convicted of, would have allowed the defendant to escape sentencing as a multiple offender). That court likewise failed to account for the fact that the trial judge agreed with the commissioner's recommendation finding that "[w]e cannot speculate what might happen if the Petitioner is properly retried." The trial judge found that retrial was appropriate. Regardless, what is clear is that had the indictment for aggravated burglary been quashed based on a properly filed motion, petitioner would not have the conviction currently imposed nor would he have been sentenced under that conviction.

Petitioner's second trial for aggravated burglary was an indisputable violation of the Double Jeopardy Clause of the Fifth Amendment. Additionally, the failure of the petitioner's trial counsel to file a meritorious motion to quash the jeopardy-barred indictment fell below an objective standard of reasonableness, and, as explained above, said error was sufficient to undermine confidence in the outcome of the proceedings.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be granted. It is further recommended that the petitioner's conviction and sentence be vacated, and that this

matter be remanded to the state court to determine what non-jeopardy barred retrial, if any, is to be had.

Signed in Baton Rouge, Louisiana, on February 9, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**